UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NALANA OMEGA, | No. 2:22-cv-00178-KJM-EFB (HC) |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| MICHAEL PALLARES, | |
| Respondent. | |

Petitioner Nalana Omega, currently incarcerated in the Central California Women's Facility, seeks federal habeas review of her 2017 conviction of murder in the El Dorado County Superior Court. ECF No. 1. Respondent seeks to dismiss the petition. ECF No. 10. For the reasons that follow, the court finds that the petition must be dismissed.

**I.     Background**

Petitioner was sentenced to 25-years-to-life on August 4, 2017. ECF No. 12-1. The California Court of Appeal for the Third Appellate District denied her direct appeal on June 21, 2019. ECF No. 12-2. Petitioner sought review in the California Supreme Court, who directed the Court of Appeal to vacate its decision and reconsider the matter in light of *People v. Gentile*, 10 Cal. 5th 830 (2020). ECF Nos. 12-3, 12-4, 12-5. On remand, the Court of Appeal concluded that *Gentile* was inapplicable to the case and again affirmed the conviction and sentence.[1] ECF No.

---

[1] "In *Gentile* our Supreme Court concluded that, following the enactment of Senate Bill No. 1437, natural and probable consequences liability cannot extend to second degree murder.

1

12-6. The court noted that, should petitioner seek relief under California Senate Bill 1437 (which amended California Penal Code §§ 188 and 189 and provided a mechanism for inmates convicted of felony murder, like petitioner, to be resentenced to a lower sentence), she should do so via a petition to the sentencing court under Penal Code § 1170.95 (since renumbered to § 1172.6).

Petitioner again sought review in the California Supreme Court, which was denied on November 23, 2021 "without prejudice to defendant filing a petition in the superior court pursuant to Penal Code section 1170.95." ECF Nos. 12-7, 12-8. Petitioner filed the petition for resentencing on February 21, 2019. ECF No. 12-9. It remains pending. ECF No. 21-1 (El Dorado County Superior Court minutes setting the petition for merits review hearing on October 28, 2022).

## II.    The Motion to Dismiss

Respondent argues that the petition must be dismissed because this court must abstain from the matter while the state proceedings are ongoing. The court agrees. Under the doctrine known as "*Younger* abstention," federal courts are required to abstain from hearing cases that would interfere with pending state proceedings that implicate important state interests. *Younger v. Harris*, 401 U.S. 37 (1971); *Potrero Hills Landfill, Inc. v. Cnty. of Solano*, 657 F.3d 876, 881 (9th Cir. 2011). Under *Younger*, absent extraordinary circumstances, federal courts must abstain where: (1) state proceedings are ongoing at the time the federal case is filed; (2) the state proceedings implicate important state interests; and (3) the state proceedings provide plaintiff an adequate opportunity to litigate federal claims. *H.C. v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000). District courts in the Ninth Circuit have routinely determined that these criteria are met where an individual files a federal habeas petition while her state resentencing proceedings are

---

(*Gentile*, *supra*, 10 Cal.5th at pp. 838-839, 846-848, 851; *see id*. at p. 839 ["Senate Bill 1437 bars a conviction for second degree murder under the natural and probable consequences theory"].) However, defendant was not convicted of murder under such a theory. Rather, she was convicted of first degree felony murder, a theory that remains valid after the enactment of Senate Bill No. 1437. (*See Gentile*, at pp. 842, 846-847, 850; § 189, subd. (e).) Accordingly, we conclude that reversal of the judgment in this case is not warranted under *Gentile*. Nothing in that case supports vacating defendant's murder conviction." ECF No. 12-6 at 10 (opinion of the Court of Appeal, internal footnotes omitted).

ongoing. *E.g.*, *Kasionov v. Gamboa*, 2:21-cv-0193 JAM DB P, 2022 U.S. Dist. LEXIS 57797 (E.D. Cal. Mar. 28, 2022); *Timberlake v. Santoro*, No. 1:20-cv-00013-NONE-SKO (HC), 2021 U.S. Dist. LEXIS 82473 (E.D. Cal. Apr. 29, 2021); *Duke v. Gastelo*, No. 2:19-04712 AB (ADS), 2020 U.S. Dist. LEXIS 134464 (C.D. Cal. June 24, 2020), *rep. and reco. adopted*, 2020 U.S. Dist. LEXIS 133544 (C.D. Cal. July 28, 2020); *Phillips v. Neuschmid*, No. 2:19-cv-03225-RGK (AFM), 2019 U.S. Dist. LEXIS 204615 (C.D. Cal. Oct. 18, 2019) ("courts implicitly find that granting federal habeas corpus relief would have the practical effect of enjoining or interfering with the ongoing state judicial proceeding, even where the state proceeding is limited to sentencing"), *rep. and reco. adopted*, 2019 U.S. Dist. LEXIS 204569 (C.D. Cal. Nov. 22, 2019).

Petitioner argues that all the claims she raises in her petition have been exhausted in the California Supreme Court and that the exercise of *Younger* abstention could cause her federal petition (filed after state proceedings have concluded) to be deemed untimely under the Antiterrorism and Effective Death Penalty Act's limitations period. However, that period does not begin to run until the "conclusion of direct review or by the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1). The U.S. Supreme Court has directed that the "finality" under AEDPA that triggers the beginning of the limitations period is the finality of the sentence. *Burton v. Stewart*, 549 U.S. 147, 156-57 (2007) (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937): "Final judgment in a criminal case means sentence. The sentence is the judgment."). Accordingly, AEDPA's limitations period will not begin to run until the conclusion of direct review of petitioner's state sentencing petition or the expiration of the time for seeking such review. Thus, the limitations period does not present an extraordinary circumstance that would enable this court to review the petition while state proceedings are pending.

### III. Recommendation

For the foregoing reasons, the undersigned hereby RECOMMENDS that the District Judge grant respondent's February May 31, 2022 motion to dismiss (ECF No. 10) and that the case be dismissed without prejudice to petitioner's ability to file it again once her state proceedings are final.

////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In her objections petitioner may address whether a certificate of appealability should issue in the event she files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: November 28, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE